Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Poplar Street, Suite 1-D
Brooklyn, New York 11201
718.797.2341 Telephone
FM@martinezgroup.com
Attorney Docket: 1079-119

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

**FONT DINER, INC.,**

                Plaintiff,

-against-

**HARIBO OF AMERICA, INC.**

                Defendant.

__ CV _____

**COMPLAINT**

(Jury Trial Demanded)

---

Plaintiff FONT DINER, INC. ("Font Diner" or "Plaintiff"), by and through its attorneys, The Martinez Group PLLC, for its Complaint against Defendant HARIBO OF AMERICA, INC. ("Haribo" or "Defendant"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

### PARTIES

2. Plaintiff is a corporation formed under the laws of the State of Minnesota with its principal place of business located at 3224 Anric Drive, Eau Claire, Wisconsin, 54701.

3. Plaintiff designs, creates, and licenses, among other products and services, custom typeface font software for others and specializes in creating font software.

4. Plaintiff conducts business throughout the world, United States, State of New York, and County of Kings via Plaintiff's commercial website at www.fontdiner.com.

5. Defendant is a corporation formed under the laws of the State of Delaware with its place of business at 9500 Bryn Mawr Avenue Suite 700, Rosemont, Illinois 60018.

6. Upon information and belief, Defendant is a wholly owned subsidiary of Haribo GmbH & Co. KG.

7. Upon information and belief, Haribo GmbH & Co. KG is a corporation formed under the laws of Germany, with a principal place of business at Hans-Riegel-Strasse 1, 53129 Bonn, Germany.

8. Upon information and belief, Defendant is a candy manufacturer and distributor, distributing its confectionary goods by way of wholesalers, distributors, and retail sellers of goods throughout the United States.

9. Upon information and belief, Defendant conducts business worldwide, in the United States, State of New York, and County of Kings by way of its website at www.haribo.com.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1332, and 1338(a).

11. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant, in person or through an agent, has:

    a. transacted business within New York State, or contracted anywhere to supply goods or services within New York State; or

    b. committed a tortious act within New York State, causing injury to Plaintiff within New York State, because Defendant (i) regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York State; or (ii) expected or should have reasonably expected its infringing acts to have consequences in New York State, and derives substantial revenue from interstate or international commerce, including commerce within this district.

12. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

## FACTS COMMON TO ALL CLAIMS

13. Plaintiff is engaged in the business of creating works of typographic art and graphic design as well as designing, creating, manufacturing, marketing, and licensing the use of customized typeface font software for others.

14. Plaintiff is the exclusive owner of the U.S. Copyright Registration Serial Number TX 6-589-427 (Computer Programs for a LUNCH BOX Font Collection), a showing of which is attached hereto as Exhibit A.

15. Plaintiff's copyright contains eleven typeface font computer programs, including, *inter alia*, the Stovetop typeface font software (hereinafter "Font Software" or "Stovetop").

16. A showing of the design embodied in Plaintiff's Font Software is attached hereto as Exhibit B.

17. Plaintiff's copyright is valid and subsisting.

18. Plaintiff is the sole, exclusive sales and licensing agent for the Font Software.

19. Licenses to use the Font Software are sold on a per font basis and/or for collections of fonts directly by Plaintiff or by way of authorized third-party vendors of licenses to use such goods.

20. Plaintiff controls the use of its Font Software by means of its Font Diner End User License Agreement ("EULA"), which specifically prohibits the uses complained of herein without the purchase of a special license.

21. A copy of Plaintiff's EULA is attached hereto as Exhibit C.

22. Plaintiff has sold, continues to sell, and derives significant revenue from the sale of licenses to use its Font Software.

23. Plaintiff requires a license upgrade for use of its typeface font software in commercial, for-profit usage including, *inter alia*, for large volume commercial uses, as well as the uses complained of herein.

24. Upon information and belief, Plaintiff's records show that Galaxy Creative, Inc. ("Galaxy Creative"), a designer for Defendant, purchased a basic license to use Plaintiff's Font Software on March 14, 2016.

25. A showing of Galaxy Creative's basic license purchase is attached hereto as Exhibit D.

26. Upon information and belief, Galaxy Creative was commissioned by Defendant to provide graphic design services for the creation of packaging for Haribo Trick or Treat Mix candies, a showing of which is attached hereto as Exhibit E.

27. Galaxy Creative is not a party to this action.

28. Upon information and belief, Galaxy Creative is no longer in business, the corporation having been dissolved by the Illinois Secretary of State on November 10, 2017.

29. Upon information and belief, Defendant had reason to be aware that use of the Font Software on goods for sale required the purchase of a license upgrade which can only be purchased directly from Plaintiff.

30. Upon information and belief, Plaintiff's records further show that Defendant has not purchased the additional and required license upgrade to use the Font Software in the manners complained of herein.

**DEFENDANT'S INFRINGEMENTS**

31. Upon information and belief, Defendant and/or entities acting at Defendant's direction, has used and/or caused others to use unauthorized copies of the Font Software in the creation of packaging for Haribo Trick or Treat Mix candies, showings of which are attached hereto as Exhibit E.

32. Defendant's use of the Font Software in the manners complained of herein represent multiple and ongoing infringements of Plaintiff's valid copyright in and to the Font Software.

33. The natural, probable, and foreseeable result of Defendant's wrongful conduct has been and continues to be to deprive Plaintiff of the benefits and revenue from the sale of appropriate licenses to use the Font Software in the manners complained of herein.

34. Plaintiff has lost and will continue to lose substantial revenue from Defendant's wrongful use, copying, and distribution of its Font Software.

35. Upon information and belief, Defendant has refused to cease and desist from infringing upon Plaintiff's valuable copyright despite several demands for such action.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101, *et seq.*

36. Plaintiff repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 35, inclusive, and incorporates them herein by this reference.

37. Upon information and belief, Defendant has impermissibly used or caused others to use the Font Software in the creation of packaging for Haribo Trick or Treat Mix candies.

38. Defendant's unauthorized use of Plaintiff's copyrighted Font Software infringes Plaintiff's exclusive rights under 17 U.S.C. § 106.

39. Each unauthorized use constitutes an individual and distinct act of infringement.

40. Plaintiff is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant together with prejudgment interest as a result of the acts of infringement alleged herein.

41. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff but are believed to be not less than $150,000 together with prejudgment interest and reasonable costs and fees or statutory damages under copyright law, whichever is greater.

42. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court will:

1. Find that Defendant has willfully infringed Plaintiff's registered copyright;

2. Preliminarily and permanently enjoin and restrain Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert or participation with them from:

   a. imitating, copying, posting, distributing, or making unauthorized use of Plaintiff's registered copyrights, including infringing uses of the copyright complained of herein; and

   b. manufacturing, creating, producing, advertising, promoting, or displaying any product or service bearing any simulation, reproduction, counterfeit, copy, derivative version, or colorable imitation of Plaintiff's copyrighted works;

3. Direct that Defendant deliver for destruction at Defendant's expense pursuant to 17 U.S.C. § 503:

   a. All media in Defendant's possession bearing Plaintiff's registered copyrights, including, but not limited to, computer files, hard drives, solid state drives, flash drives, disks, CD-ROM's, DVD's, and all other recorded media; and

   b. All other items, including, but not limited to, bags and other goods showing the use of Plaintiff's copyrighted work, in Defendant's possession or under its control that were created through the unlawful use of Plaintiff's copyrighted works;

4. Direct the imposition of a constructive trust for all monies or benefits received by Defendant from the sale of services and goods that use or were created using infringing copies and/or unauthorized derivative works based upon Plaintiff's copyrighted works;

5. Direct that Defendant be required to pay Plaintiff's actual damages in the amount of $150,000 per infringement pursuant to 17 U.S.C. § 504(b), or statutory damages pursuant

       to 17 U.S.C. § 504(c), whichever is greater, for all gains, profits, and advantages derived by Defendant through its infringement of Plaintiff's copyrights;

6. Direct that Defendant be required to pay to Plaintiff such other damages that Plaintiff has sustained as a consequence of Defendant's unauthorized use of Plaintiff's copyrighted works;

7. Direct that Defendant be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above;

8. Award Plaintiff the costs of this action together with reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

9. Award Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Font Diner, Inc. hereby demands a trial by jury.

Dated: <u>November 13, 2017</u>　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　　　　　　THE MARTINEZ GROUP PLLC


　　　　　　　　　　　　　　　　　　　　By:　/Frank J. Martinez/
　　　　　　　　　　　　　　　　　　　　　　　Frank J. Martinez (FJM-2149)
　　　　　　　　　　　　　　　　　　　　　　　*Attorney for Plaintiff*
　　　　　　　　　　　　　　　　　　　　　　　*Font Diner, Inc.*

　　　　　　　　　　　　　　　　　　　　　　　THE MARTINEZ GROUP PLLC
　　　　　　　　　　　　　　　　　　　　　　　55 Poplar Street, Suite 1-D
　　　　　　　　　　　　　　　　　　　　　　　Brooklyn, New York 11201
　　　　　　　　　　　　　　　　　　　　　　　718.797.2341 Telephone
　　　　　　　　　　　　　　　　　　　　　　　FM@martinezgroup.com